# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00492-CR
NO. 03-12-00493-CR

Chad Wayne Bunting, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NOS. 38319 & 39072, THE HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Chad Wayne Bunting pleaded guilty to the offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams, a second degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). At the same proceeding, appellant also pleaded guilty to an additional drug offense, possession of a controlled substance, methamphetamine, in an amount of less than one gram, a state jail felony. *See id.* § 481.115(a), (b) (West 2010). Pursuant to a plea bargain, appellant was placed on deferred adjudication community supervision for a period of five years for both offenses. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2012). The State subsequently filed identical motions to adjudicate appellant's guilt in both cases, alleging numerous violations.

At the revocation hearing, the trial court heard both motions in the same proceeding. Appellant pleaded true to violating the conditions of supervision.[1] Both the State and appellant presented evidence regarding punishment. At the conclusion of the evidence, appellant requested the opportunity to go to SAFPF (Substance Abuse Felony Punishment Facility), *see* Tex. Gov't Code Ann. § 493.009 (West 2012); *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (West Supp. 2012) (describing Substance Abuse Felony Program as condition of community supervision), to address his drug problem. The State argued that rehabilitative efforts were unwarranted given appellant's involvement in dealing, not just using, drugs. The trial court granted the State's motions, adjudicated appellant guilty of both offenses, and sentenced him to serve 11 years in prison for the second-degree possession offense and two years in a state jail facility for the state-jail possession offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(b), 21 (West Supp. 2011); Tex. Penal Code Ann. §§ 12.33, 12.35 (West 2011).

In each case, appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also*

---

[1] Specifically, appellant admitted to using illegal drugs, associating with another person on felony probation, failing to report to his supervision officer, leaving Burnet County without permission, failing to complete community service work, failing to pay various fees and court costs, failing to maintain or show proof of suitable employment, failing to attend and complete a drug and alcohol evaluation, failing to attend Narcotics Anonymous as directed and provide verification of attendance to his supervision officer, failing to complete the drug offender education class, and failing to attend and successfully complete a victim impact panel.

*Penson v. Ohio*, 488 U.S. 75 (1988). Appellant's counsel provided copies of the brief to his client and advised appellant of his right to examine the appellate records and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed in either case.

We have reviewed the records, including counsel's briefs and the record of the adjudication hearing, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the records present no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motions to withdraw are granted.

However, we note that the judgment adjudicating guilt in cause number 38319 orders Bunting to pay attorney's fees in the amount of $675.00. A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by the record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557.

The record reflects that the trial court found Bunting indigent and appointed counsel to represent him at the revocation hearing and again on appeal. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer*, 309 S.W.3d

at 557. Nothing in the record indicates a change in Bunting's financial circumstances. Further, the record contains no determination by the trial court that Bunting has the ability to pay attorney's fees and we find no factual basis in the record to support such a determination. We, therefore, modify the judgment adjudicating guilt in cause number 38319 to delete the order that Bunting pay $675.00 in attorney's fees. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (appellate court has authority to modify incorrect judgment when necessary information is available to do so); Tex. R. App. P. 43.2(b); *see also Boone v. State*, No. 03-10-00440-CR, 2011 WL 3250573, at *1 (Tex. App.—Austin July 28, 2011) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*).

As modified, the judgment adjudicating guilt in cause number 38319, appellate cause no. 03-12-00492-CR, is affirmed. The judgment adjudicating guilt in cause number 39072, appellate cause no. 03-12-00493-CR, is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

03-12-00492-CR      Modified and, as Modified, Affirmed

03-12-00493-CR      Affirmed

Filed: December 13, 2012

Do Not Publish